IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60695
Summary Calendar
_____

GLENN A. HERRINGTON,

Petitioner,

versus

FEDERAL AVIATION ADMINISTRATION,

Respondent.

_____

On Petition for Review from a Final Order
of the Federal Aviation Administration
(97-SW-08)

_____

August 28, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This is a petition for review brought by Glenn Herrington following an adverse ruling of the FAA Appeals Panel. The FAA reassigned Herrington and downgraded him in pay based upon his alleged falsification of time records, failure to attend a mandatory meeting, and possession of a conflict of interest. Herrington appealed, and the Appeals Panel found sufficient evidence to sustain only the record falsification and attendance charges, but it upheld the penalty imposed by the FAA. Herrington now seeks review from this court.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his original brief, Herrington does not explicitly challenge the findings of the Appeals Panel, which we find amply supported by the record anyway. Rather, Herrington raises a number of procedural challenges. He first complains that he was denied union representation at the Appeals Panel hearing, a right which is provided to certain FAA employees under a federal collective bargaining agreement. Although he was demoted to a position that carries with it a right to union representation, at the time his demotion was imposed, Herrington was a supervisory employee without union-representation rights. Because Herrington was not a member of the bargaining unit at the time the adverse employment action was taken against him, he is not entitled to rely upon the grievance procedures of the collective bargaining agreement. See Devine v. Levin, 739 F.2d 1567, 1572 (Fed. Cir. 1984). Indeed, if Herrington were covered by the collective bargaining agreement, then he would not be entitled to an appeal with the FAA Appeals Panel, which he himself sought.

Herrington also cites several errors in the manner in which his Appeals Panel hearing was conducted. Our review of the record reveals that Herrington failed to object to these purported errors during the hearing and, in fact, expressly acquiesced in many of them. Having failed to object, Herrington waived these purported errors. See 49 U.S.C. § 46110. We are convinced that the Appeals Panel hearing was conducted in a fair manner and produced a reliable result.

PETITION DENIED.

2